**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE EX PARTE* APPLICATION OF TYLOR GROUP LLC FOR AN ORDER UNDER 28 U.S.C. § 1782 | Case No. 25-mc-420 |

MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION
FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

**MAYER BROWN LLP**
1221 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10020

# TABLE OF CONTENTS

**Page**

I.     BACKGROUND ........................................................................................................ 2

     A.    Facts .......................................................................................................... 2

     B.    Information Sought From Respondent .................................................... 3

II.    DISCUSSION ........................................................................................................... 5

     A.    The Application Satisfies § 1782's Statutory Requirements ................................ 6

     B.    The Court Should Utilize Its Discretion To Grant The Application ..................... 7

     C.    Respondent Is Not a Participant in the Korean Litigation, and the
          Discovery Sought Is Outside the Jurisdictional Reach of the Korean Court ........ 7

     D.    Korean Courts Are Receptive to § 1782 Discovery ............................................. 8

     E.    Applicant Is Not Trying To Circumvent Korean Proof-Gathering
          Restrictions Or Other Policies Of Korea Or The United States ........................... 9

     F.    The Requested Discovery Would Not Be Unduly Intrusive Or
          Burdensome ........................................................................................................ 9

III.   CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amgen, Inc. v. Celltrion USA, Inc.*,
2024 WL 5182022 (D.N.J. Dec. 20, 2024), *appeal dismissed sub nom. In re
Amgen Inc.*, 139 F.4th 265 (3d Cir. 2025) ...........................................................................6, 8

*Application of Malev Hungarian Airlines*,
964 F.2d 97 (2d Cir. 1992)...........................................................................................8

*Consorcio Minero S.A. v. Doe Run Res. Corp.*,
2011 WL 4550200 (E.D. Mo. Sept. 30, 2011)...............................................................7

*In re Accent Delight Int'l Ltd*,
869 F.3d 121 (2d Cir. 2017)...........................................................................................6

*In re App. of Venequip, S.A. v. Caterpillar, Inc.*,
83 F.4th 1048 (7th Cir. 2023) ........................................................................................7

*In re Application of Action & Prot. Found. Daniel Bodnar*,
2014 WL 2795832 (N.D. Cal. June 19, 2014) ...............................................................6

*In re Ex Parte Application of Qualcomm Inc.*
162 F.Supp.3d 1029 (2016) ...........................................................................................8

*In re: Ex Parte Application Varian Med. Sys. Int'l AG*,
2016 WL 1161568 (N.D. Cal. Mar. 24, 2016)...............................................................9

*In re Chevron Corp.*,
633 F.3d 153 (3d Cir. 2011)...........................................................................................9

*In re Illumina Cambridge Ltd.*,
2019 WL 5811467 (N.D. Cal. Nov. 7, 2019) ...............................................................10

*In re Kim*,
2024 WL 1898453 (N.D. Cal. Apr. 30, 2024) ...............................................................8

*In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co.
LLP Pursuant to 28 U.S.C. sec. 1782*,
110 F. Supp. 3d 512 (S.D.N.Y. 2015)...........................................................................8

*In re Request for Int'l Jud. Assistance*,
2025 WL 275998 (N.D. Cal. Jan. 22, 2025) ...............................................................6, 7

*In re RH2 Participaes Societrias LTDA*,
2024 WL 3598379 (D.N.J. July 31, 2024)......................................................................9

*In Re Woori Bank*,
   2021 WL 2645812 (N.D. Cal. June 28, 2021) ........................................................6, 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   *542 U.S. 241 (2004)* ............................................................................2, 5, 7, 9

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015)............................................................................5, 9

*Republic of Kazakhstan v. Lawler*,
   2020 WL 417541 (D. Ariz. Jan. 27, 2020) ................................................................6

**Statutes**

28 U.S.C. § 1782....................................................................................1, 3, 5, 6, 7, 8, 9

**Other Authorities**

FRCP Rule 26 ...............................................................................................................9

Applicant Tylor Group LLC ("Applicant") is a Delaware entity that was established on October 1, 2012 under the name Solvis Holdings LLC. Declaration of Hangil Lee ("Lee Decl.") Ex. 1 Pg. 1. On November 17, 2021, Applicant changed its corporate name from Solvis Holdings LLC to Tylor Group LLC. *Id*.

In July 2016, Applicant entered into a stock transfer agreement (the "Share Purchase Agreement") to acquire preferred shares (the "Shares") in Redbadge Pacific, Inc. ("RBP") from Liang Hsueh Lin. *Id*. Even though there is no dispute that Applicant secured and paid the agreed upon consideration to consummate the share exchange, RBP has at all points refused to list Applicant as a shareholder in the register of shareholders and has ignored repeated requests from Applicant to do so. Instead, RBP subsequently recorded the shares as having been transferred to a third party unrelated to Applicant. *See Id*.

Accordingly, Applicant initiated a lawsuit against RBP in Seoul Central District Court on September 19, 2025 ("Korean Action"). Lee. Decl. ¶ 5 at Relief Sought. Through the Korean Action, Applicant seeks a court order recognizing Applicant's ownership of the shares and requiring RBP to properly list Applicant as a shareholder in RBP's shareholder registry. *Id.* Ex. 1 at Relief Sought.

Respondent, Janny Lee, is a director of RBP and is well-suited to offer documents and testimony on key subjects at the Korean Action. Lee. Decl. ¶¶ 12-13. She resides in this District and is not a party to the Korean Action. *Id.* ¶ 11. Thus, without this Court's assistance, Applicant will not be able to obtain Respondent's testimony in support of the Korean Action. *Id.* at ¶ 20.

28 U.S.C. § 1782 provides federal district courts with the power to authorize discovery in circumstances such as these, and to order testimony or the production of documents: (1) by a person who "resides or is found" in this district; (2) "for use in a proceeding in a foreign . . .

1

tribunal"; and (3) at the request of an interested person to the foreign proceeding. Here, Applicant, a party to the Korean Action, seeks testimony and documents from a resident of the District for use in the Korean Action. Further, the four discretionary factors the Supreme Court described in *Intel Corp. v. Advanced Micro Devices, Inc.* weigh in favor of granting this application. 542 U.S. 241 (2004).

Accordingly, Applicant respectfully requests that this Court grant the Application and allow Applicant to serve the proposed subpoenas attached as Exhibits 2 and 3 to the accompanying declaration.

## I.    BACKGROUND

### A.    Facts

RBP is a company whose principal business is investing in small and medium-sized enterprises and venture businesses and arranging overseas investments. Decl. Lee. Decl. Ex. 1 Pg. 1. RBP's shareholders entered into the Shareholders' Agreement (the "SHA") on November 18, 2015. *Id.* at Pg. 2. Pursuant to SHA, RBP has the right of first refusal to purchase shares offered for sale by any of its shareholders. *Id*. Should RBP choose to not exercise this right, the remaining shareholders are granted a secondary right of refusal and may purchase shares in an amount proportionate to their respective shareholding ratios. *Id*.

Pursuant to the SHA, on July 8, 2016, Applicant entered into the Share Purchase Agreement with Liang Hsueh Lin to acquire 981,233 preferred shares of RBP stock from Liang Hsueh Lin for the purchase price of $981,233. *Id*. at Pg. 1. That same day, RBP's Board of Directors unanimously approved the transfer, and all shareholders executed waivers of their respective secondary right of refusal. *Id*. at Pg. 2. Also on July 8, 2016, Applicant entered into a

convertible promissory note issuance agreement with RBP (the "Promissory Note"). *Id*. The purpose of the Promissory Note was to facilitate Applicant's purchase of the Shares.

On July 12, 2016, Applicant remitted the purchase price in accordance with Liang's wiring instructions. *Id*. at Pgs. 3-4. Despite performance, RBP continued to list Liang as the holder of the shares in the shareholder registry. *Id*. at Pg. 5.

As a result of Liang still being listed as the owner of the Shares, around September 2016, U.S. financial authorities commenced an investigation on suspicion that Applicant's remittance constituted a violation of anti-money laundering and counter-terrorism financing obligations and requested documents evidencing the existence of the Share Purchase Agreement. *Id*.

Applicant subsequently sent a letter to RBP on August 22, 2017 demanding that RBP provide Applicant with a shareholder register reflecting the share transfer. *Id*. RBP failed to take any steps to do so. On October 19, 2017, Applicant sent a second letter to RBP demanding once again the registration of the share transfer. *Id*. At no point did RBP take any steps to comply with Applicant's requests, much less acknowledge them. Instead, on August 31, 2018, RBP sent Applicant a letter asserting that Applicant had defaulted on the Promissory Note. *Id*. Applicant later learned that RBP recorded a transfer of the Shares to CF Capital, which occurred sometime between 2019 and 2021, per the March 31, 2021 Shareholder Register. *Id* at Pg. 6.

Because Applicant performed all of its obligations under the Share Purchase Agreement and RBP repeatedly refused to meet its demand to register Applicant as a shareholder, Applicant filed the Korean Action.

### B.    <u>Information Sought From Respondent</u>

The statutory requirements are satisfied: Respondent resides in this District; the discovery is for use in the Korean Action; and Applicant is an interested party. 28 U.S.C. § 1782. The *Intel* factors also favor relief because:

- Respondent is a non-party to the Korean Action and outside the Korean court's compulsory reach;

- There is no indication the Korean court would be unreceptive to this evidence;

- The request does not circumvent foreign proof-gathering restrictions; and

- The discovery sought is narrowly tailored and proportional.

Respondent is an important witness and is well positioned to address key issues in the Korean Action. Respondent is a Founding Partner of RBP; a Managing Partner and COO of RBP's parent company, Redbadge Global, LLC; and a signatory to the SHA. Lee Decl. at ¶ 12.

Thus, Applicant wishes to depose Respondent on her personal knowledge concerning, among other things:

1. Negotiations among Applicant, Liang Hsueh Lin, and RBP regarding the Share Purchase Agreement by and among those parties dated July 8, 2016;

2. Communications with Liang Hsueh Lin regarding the transfer of the Shares to Applicant;

3. The Shareholders' Agreement dated November 18, 2015 by and among DEV Korea Discovery, LLC, Digital Entertainment Ventures Management LLC, MIYA Capital I, LLC, Redbadge Global, LLC, Digital Entertainment Ventures Management LLC, Dracontides LLC, Ms. Liang Hsueh Lin, Mr. Oh Soon Kwon, and RBP ("SHA"), which sets out the proper mechanism for the transfer of shares in RBP.

4. RBP's refusal to recognize Applicant's bona fide purchase of the Shares and RBP's refusal to list Applicant as the owner of the Shares; and

5. RBP's transfer of the Shares previously purchased by Applicant to CF Capital.

Applicant also seeks Respondent's production of documents related to these areas.

## II.    <u>DISCUSSION</u>

28 U.S.C. § 1782 authorizes federal district courts to order testimony or document production for use in foreign proceedings, provided that the disclosure would not violate a legal privilege. Section 1782 provides in the relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

Thus, a district court has the authority to grant a § 1782 application where "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

Once the statutory requirements are met, the district court may exercise its discretion in deciding whether to grant discovery under § 1782. *Id.* at 298. The Supreme Court in *Intel Corp.* laid out four non-exclusive factors for the district court to consider in exercising its discretion: (1) "whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' because 'nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid'"; (2) "[t]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "[w]hether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country

5

or the United States'"; and (4) "[w]hether the request is 'unduly intrusive or burdensome.'" *Republic of Kazakhstan v. Lawler*, 2020 WL 417541, at *3 (D. Ariz. Jan. 27, 2020) (quoting *Intel Corp.*, 542 U.S. at 264). These factors "involve overlapping considerations", must be "considered collectively by the court in exercising its discretion, and are not stand-alone categorical imperatives." *In re Application of Action & Prot. Found. Daniel Bodnar*, 2014 WL 2795832, at *5 (N.D. Cal. June 19, 2014).

### A.    The Application Satisfies § 1782's Statutory Requirements

The Application satisfies all three of § 1782's statutory requirements. First, Respondent resides or is found in the district. Lee Decl. at ¶ 11. Furthermore, § 1782 does not require that the documents sought be found in the district; rather, the documents must be within the subpoenaed party's possession, custody, or control. *Amgen, Inc. v. Celltrion USA, Inc.*, 2024 WL 5182022, at *5 (D.N.J. Dec. 20, 2024), *appeal dismissed sub nom. In re Amgen Inc.*, 139 F.4th 265 (3d Cir. 2025). A party has control where the party has the "legal right to obtain the documents required on demand." *Id.* (internal quotation omitted). Here, Respondent has the right to obtain the documents sought in the requests. Lee Decl. at ¶ 13.

Second, the discovery being sought is "for use" in a foreign proceeding, as Applicant intends to use the information gathered pursuant to this Application in the Korean Action. *Id.* at ¶ 15. "[T]he term 'for use' in Section 1782 has only its ordinary meaning—that the requested discovery is 'something that will be employed with some advantage or serve some use in the proceeding.'" *In re Accent Delight Int'l Ltd*, 869 F.3d 121, 132 (2d Cir. 2017). Further, courts have found that civil actions filed in Korean courts qualify as foreign proceedings for purposes of a § 1782 application. *See In Re Woori Bank*, 2021 WL 2645812, at *3 (N.D. Cal. June 28, 2021) (holding that civil and criminal actions filed in Korea qualify as foreign proceedings); *In*

*re Request for Int'l Jud. Assistance*, 2025 WL 275998, at *3 (N.D. Cal. Jan. 22, 2025) (holding discovery is for use in a foreign proceeding when sought for use in a civil proceeding in Korea).

Third, Applicant is an interested person because it is a party to the Korean Action. Lee Decl. at ¶ 5. The Supreme Court has held that "litigants are included among, and may be the most common example of" interested persons. *Intel Corp.*, 542 U.S. at 256; *see also In re Request for Int'l Jud. Assistance*, 2025 WL 275998 at *3 (holding that litigants to a Korean civil proceeding are interested persons).

Thus, the Application satisfies all of the statutory requirements for a § 1782 application.

**B.      The Court Should Utilize Its Discretion To Grant The Application**

In addition to satisfying the statutory requirements, the Court should exercise its discretion to grant the Application as it serves the "twin aims" of the statute of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Consorcio Minero S.A. v. Doe Run Res. Corp.,* 2011 WL 4550200, at *2 (E.D. Mo. Sept. 30, 2011) (quoting *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir.2004)). District courts have "broad discretion" to grant a § 1782 application when the statutory requirements are satisfied. *In re App. of Venequip, S.A. v. Caterpillar, Inc.*, 83 F.4th 1048, 1056 (7th Cir. 2023) citing *Intel* 542 U.S. at 264-65. Applicant further submits that all of four *Intel* discretionary factors weigh in favor of granting the Application.

**C.      Respondent Is Not a Participant in the Korean Litigation, and the Discovery Sought Is Outside the Jurisdictional Reach of the Korean Court**

Respondent is not named as a party to the Korean litigation, and Applicant will likely be unable to obtain testimony from her without an order granting the Application. Lee Decl. ¶ 20; Ex. 1. "A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to

produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel,* 542 U.S. at 264 (citations omitted).

Respondent is a resident of Scarsdale, New York and beyond the jurisdiction of the Korean court. Lee Decl. ¶ 20. Thus, there is no way for Applicant or the Korean court to compel Respondent to appear as a witness in the Korean Action. *Id.* Moreover, "[t]here is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal." *In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. sec. 1782,* 110 F. Supp. 3d 512, 517 (S.D.N.Y. 2015) (citing *Application of Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir. 1992)).

Thus, the first factor weighs in favor of granting the Application.

### D.    Korean Courts Are Receptive to § 1782 Discovery

The second *Intel* factor also weighs in favor of granting the Application, as there is no Korean law or rule of procedure that would prohibit Applicant from submitting the information sought through the Application to the Korean court. Lee Decl. ¶ 14 . *See In Re Woori Bank,* 2021 WL 2645812 at *3 (holding that second discretionary factor weighs in favor of granting application where Korean court would not be unreceptive to the discovery). Further, courts weighing the second factor "focus on" (i) "the utility of the evidence sought and" (ii) "whether the foreign tribunal is likely to receive the evidence." *In re Ex Parte Application of Qualcomm Inc.* 162 F.Supp.3d 1029, 1040 (2016). Here, (i) the discovery sought would be significant to Applicant proving its claims in Korean court; and (ii) "Korean courts are receptive to receiving and considering evidence, including that obtained by an action under 28 U.S.C. § 1782." *Amgen, Inc. v. Celltrion USA, Inc.,* 2024 WL 5182022, at *2; *see also In re Kim,* 2024 WL 1898453, at *2 (N.D. Cal. Apr. 30, 2024) (explaining that "Korean courts are generally receptive to U.S. federal

8

court assistance[.]") "'In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'" *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citations omitted).

###### E.    Applicant Is Not Trying To Circumvent Korean Proof-Gathering Restrictions Or Other Policies Of Korea Or The United States

The Application is not an "attempt to circumvent [] proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264-65. Here, Applicant was under no obligation to seek discovery in Korean court before filing this Application. *See In re RH2 Participaes Societrias LTDA,* 2024 WL 3598379, at *6 (D.N.J. July 31, 2024) (holding that "the law is clear that an applicant is not required to seek discovery in the foreign forum before filing a § 1782 application.") Further, "that the discovery may be unobtainable in the foreign forum is not a basis to deny an application under § 1782." *Id.* (citing *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011)). In *Amgen, Inc.*, the court held that the unavailability of pretrial discovery in Korea and the lack of mechanisms to request direct discovery from the other party weighed in favor of granting a § 1782 application. 2024 WL 5182022, at *8.

Similarly, here, Applicant does not expect to receive pretrial discovery from the recipient of the Application, and the information sought is necessary for Applicant to prove its claims in the Korean Action. Thus, the third factor weighs in favor of granting the Application.

###### F.    The Requested Discovery Would Not Be Unduly Intrusive Or Burdensome

The requested discovery is not unduly intrusive or burdensome, as it is proportional to the needs of the Korean Action. Courts evaluate whether a discovery request is overbroad or unduly burdensome by applying the standards of Rule 26 of the Federal Rules of Civil Procedure. *Mees*, 793 F.3d at 302. Indeed, "[a]s a general matter, depositions of corporate officers are standard

practice in U.S. civil litigation and are not burdensome. The Rules of Civil Procedure themselves ensure that the length, time and place of the deposition do not impose an undue burden." *In re Illumina Cambridge Ltd.*, 2019 WL 5811467, at *5 (N.D. Cal. Nov. 7, 2019) (holding that subpoena for corporate officer to testify was not overly burdensome as the information sought was relevant to the applicant's foreign claims).

Here, Applicant proposes the deposition of an individual with specific knowledge regarding the allegations in the Korean Action. Applicant also seeks the protection of documents by Respondent directly related to those allegations. Accordingly, no undue burden is associated with these tailored requests.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Applicant respectfully requests that this Court enter an Order (i) granting the Application; (ii) authorizing the issuance of the subpoenas appended as Exhibits 2 and 3 to the accompanying declaration; and (iii) provide such other and further relief as this Court deems just and proper.

10

Dated September 23, 2025

Respectfully submitted,

Henninger S. Bullock
Jennifer Huang
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, NY 10020
212-506-2500
hbullock@mayerbrown.com
jhuang@mayerbrown.com

*Counsel for Tylor Group LLC*

11