USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2025_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN RE EX PARTE APPLICATION OF TYLOR
GROUP LLC FOR AN ORDER UNDER 28
U.S.C. § 1782

25 Misc. 420 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 23, 2025, Tylor Group LLC ("Applicant") submitted an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery for use in a civil proceeding filed in the Seoul Central District Court in Korea.  App., ECF No. 1 at 1; *see also* Mem., ECF No. 2 at 1; Lee Decl. ¶¶ 3, 5, ECF No. 3.  Applicant seeks permission to serve subpoenas on Janny Lee ("Respondent") for documents and deposition testimony relevant to that action.  Lee Decl. ¶¶ 3, 6–7; *see* Subpoena to Testify, ECF No. 3-2; Subpoena to Produce Documents, ECF No. 3-3.  For the following reasons, the application is GRANTED.

**DISCUSSION**

I.    Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and alterations omitted).  Courts routinely grant such applications *ex parte*. *Gushlak v. Gushlak*, 486

F. App'x 215, 217 (2d Cir. 2012) (summary order) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In exercising its discretion to grant a § 1782 application where the statutory factors are satisfied, the Court should consider "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions'; and (4) whether the request is 'unduly intrusive or burdensome.'" *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (summary order) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

II.     Analysis

Applicant has met all three statutory requirements under § 1782(a).  First, Applicant states that Respondent, Janny Lee, resides or is found in this district.  Lee Decl. ¶¶ 11, 20. Second, Applicant has established that the discovery is intended for use in a civil suit currently pending in Korea.  Mem. at 1; Lee Decl. ¶¶ 3, 5.  The term "for use" requires that the requested discovery is "something that will be employed with some advantage or serve some use in the proceeding."  *In re Accent Delight Int'l Ltd*, 869 F.3d 121, 132 (2d Cir. 2017) (citation omitted). In this case, Respondent appears to be "well-positioned to address and provide documents for several key issues" in the Korean action, and the "evidence that Applicant seeks . . . could significantly impact" the action.  Lee Decl. ¶¶ 13, 15.  Third, Applicant is an interested person because it is a party to the Korean proceeding.  Mem. at 1; Lee Decl. ¶ 5; Compl. at 3, ECF No.

3-1. "[L]itigants [to the foreign proceeding] . . . may be the most common example of" interested persons. *Intel Corp.*, 542 U.S. at 256.

Each of the discretionary factors also weighs in favor of granting the application. First, Respondent is not a party in the Korean proceeding. *See* Mem. at 1; Compl. at 3. Applicant's counsel in Korea states that "Respondent is beyond the jurisdiction of the Korean Court," and "Korean law provides no mechanism to compel an individual living outside of Korea to appear as a witness or provide documents in a Korean proceeding." Lee Decl. ¶ 20. Second, Applicant's counsel in Korea states that "Korean courts are generally receptive to evidence obtained by any lawful means available to litigants," including through § 1782(a) applications. *Id.* ¶ 14; *see also In Re Woori Bank*, No. 21 Misc. 80084, 2021 WL 2645812 (N.D. Cal. June 28, 2021) (noting statements made by counsel in Korea that there is "no Korean law or procedure that would prohibit Applicants from submitting the [discovery obtained] to the Seoul Central District Court" and "no reason that the Korean court would be unreceptive to discovery obtained"). Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by Korean law or otherwise seeking the discovery in bad faith. *See* Lee Decl. ¶ 16. Finally, the subpoenas Applicant proposes involve the request for a deposition of an individual with specific knowledge regarding the allegations in the Korean action and production of documents directly related to those allegations. *Id.* ¶¶ 6–7, 13; *see also* Subpoena to Testify; Subpoena to Produce Documents at 5 ("Requests for Production"). These requests appear to be adequately tailored and not unduly intrusive or burdensome. To the extent

that they are unduly intrusive or burdensome, Respondent can bring an appropriate motion to quash.  Accordingly, the application is granted.

<strong>CONCLUSION</strong>

For the reasons stated above, application is GRANTED.

Counsel for Applicant may seek the requested discovery from Respondent and serve the subpoenas attached to Exhibits 2 and 3 of Lee's declaration filed at ECF No. 3, together with a copy of this Order.  Counsel for Applicant may enforce such discovery consistent with Federal Rule of Civil Procedure 45 and other applicable law.

Nothing in this Order shall be construed to preclude Respondent from timely moving to quash the subpoenas or from challenging alleged deficiencies in the application.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 1 and to close the case.

SO ORDERED.

Dated:  November 25, 2025
        New York, New York

_____
ANALISA TORRES
United States District Judge

4